## T. A. GRIFFIN v. STATE.

No. A-2977.   Opinion Filed February 13, 1918.

(170 Pac. 518.)

**APPEAL AND ERROR—Jurisdiction—Dismissal.** Procedure Criminal (section 5991, Rev. Laws 1910) provides that: "In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." **Held,** that in such cases the appeal is taken by filing in this court a petition in error with case-made attached or transcript of the record, together with proof of notices of appeal as required by statute, or in lieu of such notices the record to show the issuance and service of the summons in error or the waiver of the same by the Attorney General. When this is not done within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.

*Appeal from County Court, Okfuskee County;*
*John L. Norman, Judge.*

T. A. Griffin was convicted of a violation of the prohibitory law, and he appeals. Appeal dismissed.

*A. B. Burris,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, T. A. Griffin, was convicted on a charge of selling one quart of whisky to one Sam McGowan, and his punishment was fixed at a fine of $50 and confinement for 30 days in the county jail. On December 9, 1916, the court rendered judgment and sentence in accordance with the verdict. From this judgment the defendant attempted to perfect an appeal by filing in this court on April 11, 1917, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal herein for the reason that the appeal was not filed within 120 days from the rendition of the judgment, it appearing on the face of the record that said appeal was filed 123 days after the judgment was rendered:

Our Procedure Crimihal provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." (Section 5991, Rev. Laws 1910.)

This court has uniformly held that, in order to confer jurisdiction on this court to review a judgment appealed from, the appeal must be taken within the time prescribed by the statute. When an appeal is not perfected by filing in this court a petition in error with case-made attached, or a transcript of the record, together with proof of service of notices of appeal as required by section 5992, Rev. Laws 1910, or in lieu of such notices the record to show the issuance and service of summons in error or the waiver of the issuance of the same by the Attorney General within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.

For the reason stated, the motion to dismiss the appeal is sustained, and the cause remanded to the county court of Okfuskee county, with direction to enforce the judgment and sentence. Mandate forthwith.

ARMSTRONG and MATSON, JJ., concur.